UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KEE S. CHOW, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, <br><br> Defendant. | Case No. 17-CV-04997-LHK <br><br> **ORDER GRANTING MOTION FOR RELIEF FROM DISMISSAL OF CASE; EXTENDING TIME TO SERVE COMPLAINT** <br><br> Re: Dkt. No. 18 |

Before the Court are Plaintiff's motion for relief from the Court's December 14, 2017 dismissal of the case without prejudice and motion to extend the deadline for serving the complaint. ECF No. 18. Having considered the motion, the relevant law, and the record in this case, the Court GRANTS the motions for the reasons explained below.

**I.     Factual and Procedural Background**

Plaintiff filed his complaint on August 28, 2017. ECF No. 1. Plaintiff filed an application to proceed in forma pauperis on August 30, 2017, ECF No. 5, but the Court denied Plaintiff's application on August 31, 2017 because Plaintiff did not make an adequate showing of poverty. ECF No. 6.

On August 31, 2017, the Court issued an order setting a 14-day deadline for Plaintiff to consent or decline magistrate jurisdiction. ECF No. 7. Plaintiff did not consent or decline magistrate jurisdiction within this deadline, so on September 22, 2017, the Court issued an order to show cause why Plaintiff's action should not be dismissed with prejudice for failure to prosecute. ECF No. 8. In that order to show cause, the Court ordered Plaintiff to respond and to appear at an October 5, 2017 show cause hearing. *Id.* On September 25, 2017, Plaintiff responded to the Court's September 22, 2017 order to show cause explaining that Plaintiff's counsel's legal assistant failed to bring the 14-day deadline to Plaintiff's counsel's attention. ECF No. 9. Based on Plaintiff's counsel's representation, the Court subsequently vacated its September 22, 2017 order to show cause and the October 5, 2017 show cause hearing. ECF No. 12.

On November 30, 2017, because more than 90 days had passed since Plaintiff filed his complaint and Plaintiff had not yet served Defendant, the Court issued another order to show cause why Plaintiff's action should not be dismissed with prejudice for failure to prosecute. ECF No. 14. In that order, the Court set a show cause hearing for December 14, 2017, at 1:30 p.m. *Id.* The Court stated that "Plaintiff's failure to respond to this Order and to appear at the December 14, 2017 hearing shall result in dismissal with prejudice of this action for failure to prosecute." *Id.* On December 7, 2017, Plaintiff filed a response to the Court's December 14, 2017 order to show cause, explaining once again that Plaintiff's counsel's legal assistant was to blame for Plaintiff's failure to pay the requisite filing fee on time. ECF No. 15. However, Plaintiff failed to appear at the December 14, 2017 show cause hearing. Moreover, as of December 14, 2017, Plaintiff has not filed a proposed summons or served the complaint and summons on Defendant. Accordingly, the Court dismissed the action without prejudice on December 14, 2017. ECF No. 17.

On December 19, 2017, Plaintiff filed the instant motion to alter judgment and to extend the service deadline. ECF No. 18 ("Mot."). Plaintiff's counsel explained that counsel had "delegated calendaring functions to a new and inexperienced legal assistant." Mot. at 5;

2

Case No. 17-CV-04997-LHK
ORDER GRANTING MOTION FOR RELIEF FROM DISMISSAL OF CASE; EXTENDING TIME TO SERVE COMPLAINT

1  Declaration of Harvey P. Sackett ("Sackett Decl."), ECF No. 18-1, at ¶¶ 2-3.  Counsel then failed

2  to provide adequate training and oversight, which resulted in counsel missing several deadlines.

3  Mot. at 5; Sackett Decl. ¶¶ 2-3, 13.  In addition, counsel explains that he failed to appear at the

4  December 14, 2017 show cause hearing after misreading the Court's order as requiring only a

5  written response, which counsel did file.  Sackett Decl. ¶¶ 11-12.  Counsel states that in more than

6  thirty years of practice, he has never failed to appear at a scheduled hearing before any district

7  court or the Ninth Circuit.  *Id.* ¶ 12.  Counsel states that his failure to appear on December 14,

8  2017 "was the sole result of my carelessness."  *Id.*  Plaintiff argues that his counsel's calendaring

9  errors constitute excusable neglect and that, under the four-prong test set forth by the United States

10 Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507

11 U.S. 380 (1993), the Court should allow Plaintiff to reinstate his dismissed case.  Mot. at 3-4.

12 Plaintiff adds that the Court's order dismissing his case without prejudice "is effectively a

13 dismissal with prejudice because [Plaintiff] cannot re-file his civil action or procure an extension

14 from the Appeals Council" due to the statute of limitations.  Mot. at 2.

15 **II.     Discussion**

16         Plaintiff frames his motion as a motion to alter judgment under Federal Rule of Civil

17 Procedure 59(e).  However, because the Court never entered judgment, the Court construes the

18 motion as a motion for relief from an order under Federal Rule of Civil Procedure 60(b).  Rule

19 60(b)(1) states that "the court may relieve a party or its legal representative from a final judgment,

20 order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect."  In *Pioneer*, "the

21 Supreme Court explained that excusable neglect under Rule 60(b)(1) applies when a party's

22 failure to file on time is within 'his or her control.'"  *Washington v. Ryan*, 833 F.3d 1087, 1098

23 (9th Cir. 2016) (en banc) (quoting *Pioneer*, 507 U.S. at 394); *see also Lemoge v. United States*,

24 587 F.3d 1188, 1192 (9th Cir. 2009) ("Excusable neglect 'encompass[es] situations in which the

25 failure to comply with a filing deadline is attributable to negligence,' and includes 'omissions

26 caused by carelessness.'"  (first quoting *Pioneer*, 507 U.S. at 394, and then quoting *id.* at 388)

3

Case No. 17-CV-04997-LHK
ORDER GRANTING MOTION FOR RELIEF FROM DISMISSAL OF CASE; EXTENDING TIME TO SERVE COMPLAINT

(alteration in original)). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Lemoge*, 587 F.3d at 1192 (quoting *Pioneer*, 507 U.S. at 395).

"To determine when neglect is excusable, [the Court] conduct[s] the equitable analysis specified in *Pioneer*." *Id.*; *see also Briones v. Riviera Hotel & Casino*, 116 F.3d 379 (9th Cir. 1997) (concluding that *Pioneer* standard governs analysis of excusable neglect under Rule 60(b)(1)). The *Pioneer* test comprises four factors: "(1) the danger of prejudice to the non-moving party; (2) the length of the filing delay and its potential impact on the proceedings; (3) the reason for the filing delay; and (4) whether the moving party acted in good faith." *Washington*, 833 F.3d at 1098.

The Ninth Circuit's decisions in *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004) (en banc), and *Lemoge*, 587 F.3d 1188, are particularly applicable to the facts of the instant case. In *Pincay*, a paralegal in charge of calendaring deadlines misread the rule governing notices of appeal, causing the defendant's notice of appeal to be filed late. 389 F.3d at 855. The district court found that the neglect was excusable, but a panel of the Ninth Circuit reversed after holding that the attorney's reliance on a paralegal to calendar deadlines was inexcusable as a matter of law. *Id.* The Ninth Circuit then reheard the case en banc to determine whether "the creation of a per se rule against delegation to paralegals, or indeed any per se rule involving missed filing deadlines, is consistent with" the United States Supreme Court's decision in *Pioneer*. *Id.* The Ninth Circuit en banc opinion determined that per se rules are not consistent with *Pioneer* and held instead that decisions "should be entrusted to the discretion of the district court," which is better placed to evaluate the *Pioneer* factors. *Id.* at 855, 859. The Ninth Circuit also held that the district court did not abuse its discretion when it found excusable neglect after finding that there was no prejudice, the length of the delay was small, the reason for the delay was carelessness, and there was no evidence of bad faith. *Id.* at 855-56.

In *Lemoge*, the district court dismissed a Federal Tort Claims Act case for failure to

4

prosecute after the plaintiffs served the Navy but failed to timely serve the United States Attorney's Office. 587 F.3d at 1191. The plaintiffs' counsel, who had been undergoing serious medical complications when the court dismissed the case, realized about seven months later that the case had been dismissed and filed a motion to set aside the dismissal and to extend time to serve the summons and complaint. *Id.* at 1191, 1197. By that time, the plaintiffs were time-barred from refiling their action. *Id.* at 1191. The court denied the plaintiffs' motion and the plaintiffs appealed. *Id.*

The Ninth Circuit reversed. With respect to the first *Pioneer* factor, potential prejudice, the Ninth Circuit held that the delay did not prejudice the government. The Ninth Circuit also determined that the district court should consider that the plaintiffs would "suffer substantial prejudice absent relief because they cannot re-file their action." *Id.* at 1196. With respect to the second *Pioneer* factor, the amount of the delay, the Ninth Circuit held that the seven-month delay was a reasonable amount of time, particularly given the plaintiffs' counsel's medical condition. *Id.* at 1197. With respect to the third factor, the reason for the delay, the Ninth Circuit held that the plaintiffs' counsel's reasons for the delay—namely, his medical issues—were adequate, even though plaintiffs' counsel "could have handled his practice better." *Id.* Finally, as to the fourth factor, good faith, the Ninth Circuit determined that there was no evidence that the plaintiffs' counsel "acted with anything less than good faith" because "[h]is errors resulted from negligence and carelessness, not from deviousness or willfulness." *Id.* (quoting *Laurino*, 279 F.3d at 753). Accordingly, the Ninth Circuit determined that the plaintiffs had demonstrated excusable neglect and reversed.

Here, the Court finds that Plaintiff has demonstrated excusable neglect under Rule 60(b)(1). With respect to the first *Pioneer* factor, prejudice to the nonmoving party, the Court finds that the government will not suffer prejudice due to the delay. "Prejudice requires greater harm than simply that relief would delay resolution of the case" or would force the nonmoving party to litigate the case on the merits. *Lemoge*, 587 F.3d at 1196; *TCI Grp. Life Ins. Plan v.*

*Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001). Moreover, to the extent that a delay in service might prejudice the opposing party in some cases by hindering the collection of evidence or identification of witnesses, this type of prejudice is not at issue in the instant case, which is a Social Security appeal that will be decided on an administrative record. In addition, under *Lemoge*, the Court notes that Plaintiff would "suffer substantial prejudice absent relief because [he] cannot re-file [his] action" due to the statute of limitations. *Id.* at 1196; *see also Stephann v. Astrue*, 263 F. App'x 646, 647 (9th Cir. 2008) (unpublished) (holding that the district court abused its discretion in denying a motion to reopen a Social Security appeal "because this denied [the appellant] an opportunity to have his case reviewed on the merits"). The first *Pioneer* factor thus weighs in favor of granting relief.

With respect to the second *Pioneer* factor, the length of the delay, the Court finds that the delay was relatively short. The summons and complaint should have been served by November 26, 2017. The Court dismissed Plaintiff's case without prejudice on December 14, 2017. Plaintiff filed the instant motion on December 19, 2017, which is 23 days past the service deadline and 5 days after the dismissal. The Ninth Circuit has found similar and even longer delays to be reasonable. *See, e.g.*, *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010) (three day delay was reasonable); *Lemoge*, 587 F.3d at 1196 (seven month delay was reasonable); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (a little more than one month's delay was "not long enough to justify denying relief"). The second *Pioneer* factor thus weighs in favor of granting relief.

With respect to the third *Pioneer* factor, the reason for the delay, the Court finds that the reasons for the delay were the legal assistant's calendaring mistakes and Plaintiff's counsel's carelessness. Although counsel "could have handled his practice better," *Lemoge*, 587 F.3d at 1197, and calendaring mistakes "may be a weak justification for an attorney's delay," *Ahanchian*, 624 F.3d at 1262, the Ninth Circuit has found that nearly identical mistakes constituted excusable neglect. In *Pincay*, as discussed above, the Ninth Circuit declined to adopt a per se rule that

6
Case No. 17-CV-04997-LHK
ORDER GRANTING MOTION FOR RELIEF FROM DISMISSAL OF CASE; EXTENDING TIME TO SERVE COMPLAINT

1 relying on a paralegal for calendaring is inexcusable as a matter of law. Instead, the Ninth Circuit held that the attorney's reliance on the paralegal's mistaken calendaring was excusable neglect. 389 F.3d at 858-60. In *Ahanchian*, the Ninth Circuit relied on *Pincay* to conclude that "a calendaring mistake caused by the failure to apply a clear local rule" was excusable neglect. 624 F.3d at 1262. As such, the third *Pioneer* factor weighs in favor of granting relief.

Finally, with respect to the fourth *Pioneer* factor, good faith, the Court finds that there is no indication that Plaintiff or Plaintiff's counsel acted in bad faith. There is no tactical gain that Plaintiff would have achieved from missing the service deadline or failing to appear at the show cause hearing. Rather, all signs indicate that Plaintiff's counsel's mistakes "resulted from negligence and carelessness, not from deviousness or willfulness." *Lemoge*, 587 F.3d at 1197. The Fourth *Pioneer* factor thus weighs in favor of granting relief.

Overall, the Court finds that the delays that led to the dismissal of Plaintiff's case were the result of excusable neglect. As Judge Berzon wrote in her concurrence in *Pincay*, the errors were "caught quickly, hurt[] no one, and [were] real mistake[s], rather than one feigned for some tactical reason." 389 F.3d at 860 (Berzon, J., concurring). Accordingly, the Court GRANTS the motion for relief from the Court's December 14, 2017 order dismissing this case without prejudice. Within 7 days of the date of this order, Plaintiff shall submit a proposed summons. Then, within 14 days of issuance of the summons, Plaintiff shall serve the summons and complaint and file a certificate of service.

**IT IS SO ORDERED.**

Dated: March 15, 2018

LUCY H. KOH
United States District Judge

Case No. 17-CV-04997-LHK
ORDER GRANTING MOTION FOR RELIEF FROM DISMISSAL OF CASE; EXTENDING TIME TO SERVE COMPLAINT

7